**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYRONE T.H. NALL, | No. 19-16894 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00281-RCJ-WGC |
| v. | |
| SHELLEY WILLIAMS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 20, 2021[**]

Before:      McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Nevada state prisoner Tyrone T.H. Nall appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging a due process

claim arising from an alleged miscalculation of his parole eligibility date.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). We affirm.

The district court properly dismissed Nall's Fourteenth Amendment due process claim because Nall failed to allege facts sufficient to state a plausible claim. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (when analyzing a due process claim, "[w]e first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient"); *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010) ("Nevada's statutory parole scheme . . . expressly disclaims any intent to create a liberty interest.").

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Nall's related state law claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (standard of review; court may decline supplemental jurisdiction over related state law claims once it has dismissed all claims over which it has original jurisdiction).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-16894